UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY ALAN JAMES, | Case No. 2:19-CV-1207 JCM (BNW) |
| Plaintiff(s), | ORDER |
| v. | |
| CITY OF HENDERSON, et al., | |
| Defendant(s). | |

Presently before the court is defendants City of Henderson and the individually named officers' (collectively "Henderson defendants") motion to dismiss. (ECF No. 5).

Also before the court is plaintiff Jeffrey Alan James's ("James") motion to extend the time to respond to defendants' motion to dismiss. (ECF No. 29).

**I.    Background**

**A.  Factual History**

James's amended complaint alleges the following:  On February 16, 2017, James was a passenger in his son's car. (ECF No. 5 at 29). Doe officers stopped the car and approached with their guns drawn, demanding that James put his hands in the air. (*Id.*). James was then pulled from the car and forced onto the pavement. (*Id.* at 30). As James laid face down, Doe officers restrained his arms, legs, and body. (*Id.*). Doe officers kicked and pounded his head into the pavement. (*Id.*). They then searched James, handcuffed him, and placed him in an officer vehicle. (*Id.*).

James was taken to the emergency room at St. Rose Sienna Hospital after his arrest. (*Id.*). He suffered multiple serious injuries including "serious injury to his face from glass and rocks, contusions on his neck, face, and scalp, a concussion, a knocked out bottom tooth . . . a

chipped top tooth, and abrasions and a broken hand and fingers that remain disfigured to this day." (*Id.*). When James sought medical attention in the pill line at the Henderson Detention Center later that night, a Doe officer told him: "We don't have anything for your ovaries, get out of line." (*Id.* at 31).

When James was transferred to the Nevada Southern Detention Center in Pahrump, he again sought medical attention. (*Id.*). His hand was eventually x-rayed eighteen days after his arrest. (*Id.*). A specialist later concluded that a bone in James's hand was broken from the knuckle to the wrist. (*Id.*). His hand is now permanently disfigured. (*Id.*).

James filed a tort and civil rights action in Nevada's Eighth Judicial District Court on February 15, 2019. (ECF No. 1 at 1). James amended his complaint on February 16, 2019, and named the City of Henderson ("City") and three Henderson police officers as defendants. (*Id.*). The Henderson defendants removed the case to this court on July 11, 2019. (ECF No. 1).

James alleges three claims for relief under 42 U.S.C. § 1983: excessive force during his arrest in violation of the Fourth and Fourteenth Amendments, deliberate indifference to his medical needs in violation of the Eighth Amendment, and municipal liability under *Monell*. (ECF No. 5 at 27). James also alleges state law claims for negligent hiring and supervision, battery, intentional infliction of emotional distress, respondeat superior, and negligence. (*Id.*).

### B. Procedural History

On July 18, 2019, the Henderson defendants filed a motion to dismiss. (ECF No. 5). The original deadline for James to file his opposition was August 1, 2019. Since that time, the parties have stipulated to an extension of the deadline seven times. (ECF Nos. 8, 10, 12, 17, 20, 25, 28). The most recent stipulated extensions cite James being under constant lockdown at the Lompoc correctional facility because of the coronavirus pandemic. (*See* ECF No. 27).

The last stipulated extension expired on July 31, 2020. (ECF No. 28). James did not file his opposition nor did the parties stipulate to another extension. Under Local Rule 7-2(d), James's failure to oppose the Henderson defendants' motion to dismiss acts as consent to grant the motion.

**James C. Mahan**
**U.S. District Judge**

- 2 -

James did, however, file an eighth request to extend his time to oppose the motion to dismiss. (ECF No. 29). The court will deny James's motion. The Henderson defendants' motion to dismiss has been pending since July 2019, well before the coronavirus pandemic. (ECF No. 5). The alleged misconduct at issue occurred in February 2017. (*Id.* at 29). Furthermore, the court has doubts about whether any opposition from James would aid it in considering the legal sufficiency of his complaint. However, the court will consider the merits of the Henderson defendants' motion to dismiss.

## II.     Legal Standard

The court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must have "[a] short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it does require "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Thus, to survive a motion to dismiss, a complaint must have sufficient factual matter to "state a claim to relief that is *plausible* on its face." *Iqbal*, 556 U.S. at 678 (citation omitted) (emphasis added).

The Supreme Court in *Iqbal* clarified the two-step approach district courts should use to rule on motions to dismiss. First, the court must accept as true all well-pleaded factual allegations and draw all reasonable inferences in the plaintiff's favor. *Id.* at 678–79. Mere legal conclusions are not entitled to this assumption of truth. *Id.* Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. When the allegations have not crossed the line from conceivable to plausible, the complaint must be dismissed. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

. . .

. . .

James C. Mahan
U.S. District Judge

### III. Discussion

#### A. Pro se plaintiff

The court first recognizes that James has proceeded pro se since it granted his counsel's request to withdraw on February 25, 2020. (ECF No. 21). Nevertheless, "[t]he right of self-representation is not a license to abuse the dignity of the courtroom. Neither is it a license not to comply with relevant rules of procedural and substantive law." *Faretta v. Cal.*, 422 U.S. 806, 834 (1975); *United States v. Merrill*, 746 F.2d 458, 465 (9th Cir. 1984) ("A pro se defendant is subject to the same rules of procedure and evidence as defendants who are represented by counsel."). Indeed, "pro se litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

As aforementioned, under Local Rule 7-2(d), "[t]he failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). The Ninth Circuit addressed dismissal of a pro se plaintiff's case under Local Rule 7-2(d) in *Ghazali v. Moran*, 46 F.3d 52 (9th Cir. 1995). The Ninth Circuit affirmed the district court and held that "[f]ailure to follow a district court's local rules is a proper ground for dismissal." *Ghazali*, 46 F.3d at 53.

However, the Ninth Circuit instructed district courts to weigh several factors before dismissing a pro se plaintiff's case under Local Rule 7-2(d). *Id.* These factors include: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.'" *Id.* (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

The *Ghazali* factors weigh in favor of dismissal. Unsurprisingly, dismissal serves the public's interest in expeditious resolution of litigation and allows the court to manage its docket. This is especially true here as James filed his amended complaint on February 16, 2019, and the Henderson defendants' motion to dismiss has been pending since July 18, 2019. (ECF No. 5).

James C. Mahan
U.S. District Judge

- 4 -

Whereas James is invariably prejudiced by dismissal, his failure to oppose the motion precludes the court from most effectively considering the merits of the motion. Taken together, dismissal is appropriate under *Ghazali* given James's over yearlong failure to oppose the motion to dismiss which began well before the coronavirus pandemic.

### B. Federal law claims

Nevertheless, the court will consider the merits of the Henderson defendants' motion to dismiss. For the reasons set forth below, the motion is granted. The court will first consider James's federal law claims and then his state law claims.

The Henderson defendants move to dismiss James's complaint in full on numerous grounds. They assert that: (1) the complaint fails to meet the *Twombly-Iqbal* pleading standard; (2) the complaint fails to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6); (3) the state law tort claims are time-barred under NRS § 41.036(2); (4) the individually named officers are entitled to qualified immunity; (5) any punitive damage claims against the City of Henderson are barred; and (6) punitive damage claims against the defendants under state tort law are barred. (ECF No. 5 at 1–2).

#### 1. Excessive force during arrest

##### a. Constitutional violation

The elements of a claim under 42 U.S.C. § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In turn, under the Fourth Amendment, police officers may use only force that is objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Determining whether the force used in making an arrest is reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    James names three individual Henderson officers as defendants: Detective K. Lapeer (#1446), Detective K. Lippish (#1710), and Detective W. Nichols (#1242).  (ECF No. 5 at 28). But James never specifies what actions—illegal or otherwise—these three officers took.  (*Id.* at 29–32).  Thus, these three named officers are dismissed from the case without prejudice.

James also asserts claims against ten Doe officers.  Doe pleading is disfavored in federal court.  *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980).  However, when the identity of the officers "will not be known prior to the filing of a complaint . . . the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities, or that the complaint would be dismissed on other grounds."  *Id.*  That is, if a plaintiff adequately describes the specific acts and roles of Doe officers and states a colorable claim, a plaintiff can reach discovery to determine the officers' identities.

The court finds that James states a colorable excessive force claim against the Doe officers that arrested him on February 16, 2017.  (ECF No. 5 at 29).  James alleges that he was not resisting arrest when "Doe Officers I and II" dragged him out of a car, kicked him in the face and head, and pounded his head into the pavement.  (*Id.* at 30).  James was sent to St. Rose Sienna Hospital after his arrest where he was found to have "contusions on his neck, face, and scalp, a concussion, a knocked out bottom tooth . . . a chipped top tooth, and abrasions."  (*Id.*).

Based on these allegations—accepted as true and viewed in light most favorable to the non-moving party—the acts and roles of Doe officers are sufficiently described and plausibly point to objectively unreasonable force.  However, James has had ample time to identify the officers who arrested him on February 16, 2017.  He amended his complaint to name three Henderson officers as defendants but, on the face of the complaint, he does not allege that these three officers were, in fact, the ones who arrested him.[1]  Thus, James's first and second claims for relief[2] are dismissed without prejudice.

---

[1] *See infra* note 3.

[2] The court reads James's first and second claims for relief as really a single claim: a violation of James's constitutional right to be free from excessive force during an arrest brought

**James C. Mahan**
**U.S. District Judge**

- 6 -

**b. *Monell* claim**

A local government entity cannot be sued under section 1983 for "an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Only when the "execution of a government's policy or custom . . . inflicts the injury" can a local government entity be held responsible. *Id.* Furthermore, a plaintiff generally cannot establish a custom, policy, or practice with a single well-pleaded constitutional violation. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). A *Monell* claim must be based on practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

James has not identified a specific City of Henderson custom, policy, or practice that was the "moving force" behind any alleged excessive force during his arrest. (ECF No. 5 at 33–34); *see also Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996). Rather, he simply recites the elements of a *Monell* claim. (ECF No. 5 at 33–34). Thus, James's second claim for relief is dismissed without prejudice.

**2. Deliberate indifference to medical needs**

Plaintiff claims that the defendants' failure to treat his broken hand was a violation of his "Eighth Amendment right to be free of cruel and unusual punishment" because defendants "denied and delayed treatment with deliberate indifference" to his medical needs. (ECF No. 5 at 37). Pretrial detainees like James must sue for deliberate indifference to medical needs under the Fourteenth Amendment's Due Process Clause, not the Eighth Amendment's Cruel and Unusual Punishment Clause. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Castro v. Cty. of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016). This error is consequential because the standard to show deliberate indifference is different under each Amendment.[3]  *See Castro*, 833 F.3d at

---

under 42 U.S.C. § 1983. *See generally Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991) (listing the elements of a section 1983 claim).

[3] The court notes that while James has proceeded pro se since the court granted his counsel's request to withdraw on February 25, 2020, (ECF No. 21), the complaint was drafted with the assistance of counsel. (ECF No. 5 at 39). Therefore, it should not be held to a less stringent pro se standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to

1067–74.

Nevertheless, James's deliberate indifference claim is flawed in a more basic way: it does not meet the *Twombly-Iqbal* plausibility standard. James alleges that "Defendant Doe Officers I-IX" acted "with deliberate indifference to [his] serious medical needs by failing to provide him treatment for his broken hand, including an x-ray, treatment, and pain medication." (ECF No. 5 at 38). But James only describes a single interaction with a single prison officer who was overseeing the pill line at the Henderson Detention Center. (*Id.* at 31). There is not enough factual material in the complaint to permit the court to reasonable infer that ten Doe officers are liable for deliberate indifference to James's medical needs. It is not clear that discovery would uncover the identities of ten Doe officers either. *See Gillespie*, 629 F.2d at 642.

Thus, James's ninth claim for relief is dismissed without prejudice.

### 3. Punitive damages

James asks for punitive damages in his claims for relief under 42 U.S.C. § 1983. (ECF No. 5 at 33, 34, 35, 38). Punitive damages are not available against municipalities for section 1983 claims. *City of Newport v. Fact Concerts, Inc.,* 453 U.S. 247, 259–60 (1981). Thus, all punitive damage claims against the City of Henderson arising under section 1983 are dismissed with prejudice.

### C.  State law claims

James's fourth, fifth, sixth, seventh, and eighth claims for relief are Nevada state law tort claims. (ECF No. 5 at 34–37). Under Nevada law, "each person who has a claim against any political subdivision of the State arising out of a tort must file the claim within 2 years after the cause of action accrued with the governing body of that political subdivision." NRS § 41.036(2). Although James is not required to give notice as a condition precedent to filing suit, he must notify the City of Henderson of his claims within two years of their accrual. *Id.*

James's state law tort claims accrued, at the very latest, on March 6, 2017. That is when the alleged denial of medical attention ended and his hand was x-rayed. (ECF No. 5 at 31). This required James to notify the City of his claims by March 6, 2019. James filed his original

---

less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted).

**James C. Mahan**
**U.S. District Judge**

- 8 -

complaint on February 15, 2019, and an amended complaint on February 17, 2019. (ECF No. 1 at 1). However, the amended complaint was not *served* on the Henderson defendants until June 12, 2019. (ECF No. 5 at 12).

Thus, James's fourth, fifth, sixth, seventh[4], and eighth[5] claims for relief against the City of Henderson are dismissed with prejudice as time-barred. *Hartrim v. Las Vegas Metro. Police Dep't*, No. 2:11-CV-00003-RLH, 2011 WL 2690148, at *3 (D. Nev. July 11, 2011) (barring claims against police department and officers because plaintiff did not serve notice of the complaint within two years of accrual); *Zaic v. Las Vegas Metro. Police Dep't*, No. 2:10-CV-01814-PMP, 2011 WL 884335, at *3 (D. Nev. Mar. 11, 2011) (same).

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the James's motion to extend time (ECF No. 29) be, and the same hereby is, DENIED.

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that the Henderson defendants' motion to dismiss (ECF No. 5) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the individually named Henderson officers—Lapeer, Lippish, and Nichols—are DISMISSED from this action without prejudice.

IT IS FURTHER ORDERED that James's first and second claims for relief are DISMISSED without prejudice.

IT IS FURTHER ORDERED that James's third and ninth claims for relief are DISMISSED without prejudice.

---

[4] The court additionally notes that the seventh claim for relief (respondeat superior) is not a cause of action but rather a theory of liability. *Okeke v. Biomat USA, Inc.*, 927 F.Supp.2d 1021, 1029 (D.Nev.2013). This is another ground to warrant dismissal of this claim for relief.

[5] The court additionally notes that the eighth claim for relief (negligence) as pleaded is virtually identical to the fourth claim for relief (negligent hiring, training, supervision, and retention). This is another ground to warrant dismissal of this claim for relief. *See M.M. v. Lafayette Selz. Dist.*, 681 F.3d 1082, 1091 (9th Cir. 2012) (holding a district court did not abuse its discretion in dismissing a claim for relief that was stated in identical terms as another claim for relief).

**James C. Mahan**
**U.S. District Judge**

1          IT IS FURTHER ORDERED that James's fourth, fifth, sixth, seventh, and eighth claims
2   for relief against the City of Henderson are DISMISSED with prejudice.
3          IT IS FURTHER ORDERED that claims for punitive damages against the City of
4   Henderson under 42 U.S.C. § 1983 are DISMISSED with prejudice.
5          DATED September 28, 2020.

_____
UNITED STATES DISTRICT JUDGE