UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JEFFREY ALAN JAMES,<br><br>       Plaintiff(s),<br><br>  v.<br><br>CITY OF HENDERSON, et al.,<br><br>       Defendant(s). | Case No. 2:19-CV-1207 JCM (BNW)<br><br>ORDER |

   Presently before the court is defendant City of Henderson's ("City of Henderson") motion to dismiss. (ECF No. 33). *Pro se* plaintiff Jeffrey A. James responded to the motion (ECF No. 35), to which City of Henderson replied. (ECF No. 36).[1]

**I. BACKGROUND**

   James alleges that in February 2016, a City of Henderson police officer approached his car with a gun pointed at his face. (ECF No. 32 at 2). James avers that he complied with the officer's orders to get out of the car with his hands up, but that the police officer threw him to the ground anyway, striking him three times in the back of his head and "pounding [his] face into the concrete [] with his elbow." (*Id.* at 3). James asserts that he suffered injuries as a result, including a concussion, a lost tooth, and a triple fractured hand. (*Id.*). He alleges that the City of Henderson is aware of its police officers' excessive force during arrests but fails to enforce its policy prohibiting such excessive force. (*Id.*).

---

[1] James also filed a surreply (ECF No. 37) but did so without leave of court. Pursuant to Local Rule 7-2(b), surreplies are not permitted without leave of court. Although courts liberally construe pleadings in favor of *pro se* litigants, they are still necessarily bound by the rules of procedure. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995). Therefore, the court does not consider the content of James's surreply (ECF No. 37) in this order.

James C. Mahan
U.S. District Judge

James further contends that City of Henderson has the custom of protecting its police officers when excessive force lawsuits are filed. (*Id*.). He claims he was subject to excessive force during his arrest in violation of the Fourth Amendment, as well as being denied due process under the Fifth Amendment. (*Id.* at 4–5). He brings his suit against the City of Henderson under 42 U.S.C. § 1983. (*Id.*).

The court previously granted City of Henderson's motion to dismiss James's first complaint on September 28, 2020, but not entirely with prejudice. (ECF No. 30). James subsequently filed an amended complaint[2] on July 22, 2021. (ECF No. 32). City of Henderson now moves again to dismiss James's complaint for failure to state a claim upon which relief can be granted, pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 33).

## II.    LEGAL STANDARD

As an initial matter, the court acknowledges that James is proceeding *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotation marks and citation omitted). However, "*pro se* litigants in an ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986).

*Pro se* pleadings where civil rights claims are involved, however, must be especially liberally construed. *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

Federal Rule of Civil Procedure 8 requires every pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Although Rule 8 does not require detailed factual allegations, it does require more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*,

---

[2] James errantly filed his amended complaint because it was without the opposing party's written consent or the court's leave, pursuant to Federal Rule of Civil Procedure 15(a). Regardless, the court adjudicates this motion on the merits since such a long period of time has transpired since the amended complaint was filed, and City of Henderson does object to the improperly filed complaint in its motion to dismiss (ECF No. 33).

James C. Mahan
U.S. District Judge

- 2 -

556 U.S. 662, 678 (2009). In other words, a pleading must have *plausible* factual allegations that cover "all the material elements necessary to sustain recovery under *some* viable legal theory." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562 (2007); *see also Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

The Supreme Court in *Iqbal* clarified the two-step approach to evaluate a complaint's legal sufficiency on a Rule 12(b)(6) motion to dismiss. First, the court must accept all well-pleaded factual allegations as true and draw reasonable inferences in the plaintiff's favor. *Iqbal*, 556 U.S. at 678–79. Legal conclusions are not entitled to this assumption of truth. *Id.* Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice. *Id.* at 678.

Second, the court must consider whether the well-pleaded factual allegations state a plausible claim for relief. *Id.* at 679. A claim is facially plausible when the court can draw a reasonable inference that the defendant is liable for the alleged misconduct. *Id.* at 678. The complaint must be dismissed when the allegations have not crossed the line from conceivable to plausible. *Twombly*, 550 U.S. at 570; *see also Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

### III. DISCUSSION

#### A. Fourth Amendment Claims

##### i. Monell Excessive Force Claims

The elements of a claim under 42 U.S.C. § 1983 are: "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

In turn, under the Fourth Amendment, police officers may use only force that is objectively reasonable under the circumstances. *See Graham v. Connor*, 490 U.S. 386, 397 (1989). Determining whether the force used in making an arrest is reasonable "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or

James C. Mahan
U.S. District Judge

- 3 -

others, and whether he is actively resisting arrest or attempting to evade arrest by flight." *Id.* at 396.

A local government entity cannot be sued under § 1983 for "an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978). Only when the "execution of a government's policy or custom . . . inflicts the injury" can a local government entity be held responsible. *Id.* Furthermore, a plaintiff generally cannot establish a custom, policy, or practice with a single well-pleaded constitutional violation. *See, e.g.*, *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999). A *Monell* claim must be based on practices of "sufficient duration, frequency and consistency that the conduct has become a traditional method of carrying out policy." *Trevino v. Gates*, 99 F.3d 911, 918 (9th Cir. 1996).

Moreover, plaintiffs must allege a specific municipal policy to sustain a § 1983 claim. *See, e.g., Oklahoma City of Henderson v. Tuttle*, 471 U.S. 808, 823 (1985) ("[O]bviously, if one retreats far enough from a constitutional violation some municipal 'policy' can be identified behind almost any such harm [(unreasonable use of force)] inflicted by a municipal official").

While James sufficiently pleads an unconstitutional excessive force allegation, he (still) does not direct the court to a custom or policy that enabled such a violation. James appears to concede that the City of Henderson *has* a policy in place prohibiting its officers' use of excessive force (*see* ECF No. 32 at 3) ( the "City of Henderson, Nevada knew of its police officers use of excessive force against [citizens] and failed to enforce **its policy that prohibit [sic] excessive force**." (emphasis added)); nevertheless, James alleges that the city has a "custom that protects its police officer's [sic] when claims of excessive force [are] made by [p]laintiff[s]" and that the city "failed to enforce its policy [prohibiting[ excessive force." (*Id.*). The court finds that this allegation, without more, is insufficient under *Monell*.

Even accepting James's well-pleaded factual allegations as true, and drawing all reasonable inferences in his favor, his single well-pleaded constitutional violation of excessive force does not establish a custom, policy, or practice to incur liability under § 1983. *See Christie*, 176 F.3d at 1235. Instead, a *Monell* claim must be based on practices of "sufficient duration, frequency and consistency," *Trevino*, 99 F.3d at 918, that the conduct reflects a

**James C. Mahan**
**U.S. District Judge**

- 4 -

"deliberate [policy] choice" by the municipality, *Fairley v. Luman*, 281 F.3d 913, 918 (9t Cir. 2002) (citations and quotations omitted).

James does not offer additional, plausible factual allegations that the City of Henderson has a regular practice of disregarding excessive force allegations against its police officers.[3] James offers only the conclusory statement that the City of Henderson engages in a "custom" of "protecting" its police officers against claims of excessive force, without additional allegations of similar incidents occurring on a frequent basis, or any other facts to support this claim. The court is not required to accept such conclusory statements, *Iqbal*, 556 U.S. at 678, and finds that James has not sufficiently pled that the City of Henderson has a custom or policy that "inflicts [constitutional] injury on [potential] plaintiff[s]," *Monell*, 436 U.S. at 694.

### ii. *Monell* Failure to Train

James also alleges that the City of Henderson failed to train its police officers and prohibit excessive force in the context of arrests. (ECF No. 32 at 5).

Failure to adequately train employees may serve as a policy underlying a *Monell* claim when the "failure to train amounts to deliberate indifference to the rights of persons with whom police come in contact." *City of Canton v. Harris*, 489 U.S. 378, 388 (1989). A municipality is deliberately indifferent "when the need for more or different action is so obvious and the inadequacy of current procedures so likely to result in the violation of constitutional rights that the policymakers . . . can reasonably be said to have been deliberately indifferent to the need." *Mortimer v. Baca*, 594 F.3d 714, 723 (9th Cir. 2010) (brackets and citation omitted).

To succeed on a *Monell* claim for failure to train, a plaintiff must demonstrate (1) specific training deficiencies and (2) either a pattern of constitutional violations that policymakers were aware of that training is necessary to avoid constitutional violations. *City of Canton*, 489 U.S. at 390–91; *see also Rose v. Cty. of Sacramento*, 163 F. Supp. 3d 787, 794 (E.D. Cal. 2016).

---

[3] Even so, no affirmative duty under § 1983 exists for a municipality to treat excessive force allegations in a particular way. The Supreme Court made it clear in *Monell* that a municipality can be liable for its officers' constitutional torts only if it executes a government policy or custom that *inflicts* the injury on the plaintiff. 436 U.S. at 694.

**James C. Mahan**
**U.S. District Judge**

- 5 -

Pretrial detainees may bring a deliberate indifference claim under the due process clause of the Fourteenth Amendment. *Gordon v. County of Orange*, 888 F.3d 1118 at 1124 (9th Cir. 2018). Courts evaluate Fourteenth Amendment deliberate indifference claims under the same objective standard as Eight Amendment deliberate indifference claims. *Id.*; *see also Castro v. County of Los Angeles*, 833 F.3d 1060, 1067–68 (9th Cir. 2016) (en banc).

Here, James's pleading does not meet the high bar of showing City of Henderson's deliberate indifference in training (or failing to train) its police officers on the legal parameters of proper constitutional force during arrests. He has not demonstrated specific training deficiencies evidencing a pattern of constitutional violations, or that it can reasonably be said that policymakers within the city have been deliberately indifferent to the need to prevent violations of constitutional rights of its citizens.

**B. Due Process Claims**

James further alleges "due process" violations in contravention of the Fifth Amendment, but this claim fails since the Fifth Amendment applies only to the federal government and James does not include any federal actors in his complaint. *See Santa Ana Police Officers Assoc. v. City of Santa Ana*, 723 Fed.Appx. 399, 402 (9th Cir. 2018). Notwithstanding, the court liberally construes James's *pro se* pleading as a constitutional violation under the Fourteenth Amendment, which is the more proper avenue for asserting due process violations against states and local governments. *Id.*

Even so, James appears to repeat the same facts and claims as contained in his Fourth Amendment excessive force claims—to wit, that the City of Henderson had a custom of protecting its police officers accused of excessive force, that the city failed to train its police offers adequately on the prevention of excessive force, and that the city failed to enforce the city's policy prohibiting excessive force. (ECF No. 32 at 5). The court finds these claims duplicative, but for good measure incorporates its prior analysis, *see supra*, Part III.A, to also dismiss any constitutional violations under the due process clause of the Fourteenth Amendment.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## IV. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that City of Henderson's motion to dismiss (ECF No. 33) be, and the same hereby is, GRANTED. All claims against the City of Henderson are DISMISSED with prejudice.

The clerk of the court is hereby instructed to close this case.

DATED June 27, 2022.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**